UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE
_____
OPTIMA STEEL INTERNATIONAL LLC,            :
                                           :
                      Plaintiff,           :          Court No.  21-00062
                                           :
               v.                          :
                                           :
UNITED STATES,                             :
                                           :
                      Defendant.           :
_____:


_____
OPTIMA STEEL INTERNATIONAL, LLC, and       :
TOYKO STEEL MANUFACTURING CO., LTD.,       :
                                           :
                      Plaintiffs,          :          Court No. 21-00327
                                           :
               v.                          :
                                           :
UNITED STATES,                             :
                                           :
                      Defendant.           :
_____:


## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE

     Defendant, the United States, respectfully submits this opposition to plaintiffs' motion to

consolidate *Optima Steel International, LLC v. United States*, Ct. No. 21-00062  and *Optima Steel*

*International Steel, LLC and Tokyo Steel Manufacturing Co., Ltd. v. United States*, Ct. No. 21-

00327.  *See* Pl. Mot. to Consolidate  Cases (Pl. Mot.), Dkt. No. 29 (Ct. No. 21-00062),  Dkt. No. 7

(Ct. No. 21-00327).  Consolidation  is improper  because these cases involve  two separate and

distinct  agency proceedings and records that are governed by two different jurisdictional

provisions  and standards of review—28 U.S.C. § 1581(a) for Court No. 21-00062 and 28 U.S.C.

§ 1581(i) for Court No. 21-00327—and  which have no overlapping  legal issues.

**ARGUMENT**

**I.      Legal Standard**

Rule 42(a) of the Rules of this Court permits consolidation of cases "involving a common question of law or fact . . . to avoid unnecessary costs or delay." The Court has "broad discretion" regarding whether or not to grant consolidation of proceedings, and this Court has found that it is inappropriate to consolidate proceedings where it is not in the interest of "judicial economy." *Manuli USA, Inc. v. United States*, 659 F. Supp. 244, 247-48 (Ct. Int'l Trade 1987). If consolidation would not promote judicial economy or "where dissimilar issues outweigh the common issues, consolidation is inappropriate." *See Vicentin v. United States,* 324 F. Supp. 3d 1377, 1381 (Ct. Int'l Trade 2018) (denying consolidation where there were no common questions of law, a lack of complete identity of parties, and consolidation would cause significant burdens and piecemeal briefing); *Zenith Elecs. Corp. v. United States*, 15 CIT 539, 40–41 (Ct. Int'l Trade 1991). Courts should weigh the costs and benefits of consolidation, including the convenience or inconvenience to the parties, judicial economy, the savings in time, effort, or expense, and any confusion, delay or prejudice that might result from consolidation. *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005).

**II.      Consolidation Of The Actions Is Inappropriate And Contrary To The Interests Of Judicial Economy**

Consolidation of Court Nos. 21-00062 and 21-00327 is inappropriate because each action involves a different standard of review, a different legal issue, and different parties. First, consolidating the two cases will not avoid duplicative discovery, briefing or promote judicial economy because each action has a different standard and scope of review, and challenges distinct and separate actions by different government agencies. In Court No. 21-00062, plaintiff

asserts jurisdiction under 28 U.S.C. § 1581(a) to challenge the propriety of U.S. Customs and Border Protection's (CBP) assessment of antidumping duties. Judicial review in § 1581(a) actions is *de novo* based on "the record made before the court." 28 U.S.C. § 2640(a)(1). Accordingly, the Federal Rules of Evidence and the traditional tools of discovery govern the disposition of an action under § 1581(a). *Id*. § 2641(a).

In contrast, in Court No. 21-00327, plaintiffs assert jurisdiction under 28 U.S.C. § 1581(i) to challenge the U.S. Department of Commerce's (Commerce) liquidation instructions. Section 1581(i) embodies the Court's residual grant of jurisdiction. *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1291 (Fed. Cir. 2008). The scope of the Court's review for actions brought pursuant to section 1581(i) is limited to the administrative record developed before the agency. *Camp v. Pitts*, 411 U.S. 138, 142 (1973); 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party ...."). This type of record comprises the items enumerated in USCIT Rule 73.3(a)(1)-(4), if they exist, and "all documents and materials directly or indirectly considered by agency decisionmakers and includes evidence contrary to the agency's position." *Ammex, Inc. v. United States*, 23 Ct. Int'l Trade 549, 555 (1999) (citations omitted) (internal quotation marks omitted).

The standard of review for actions commenced pursuant to section 1581(i) is governed by the Administrative Procedures Act (APA), and is not *de novo*. 28 U.S.C. § 2640(e) (directing the Court to 5 U.S.C. § 706).[1] Pursuant to these standards, the Court will "hold unlawful and set

---

[1] The Administrative Procedure Act, 5 U.S.C. § 706, provides:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency

aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The United States Supreme Court has explained, "the focal point for judicial review [under the APA] should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

This Court's Rules contemplate the different standards and scopes of review in section 1581(a) and section 1581(i) actions by delineating procedures that ensure that the records in those actions are consistent with the applicable standards of review. For instance, the Court's Rules do not provide for discovery in section 1581(i) actions. Consolidation of the two actions might run afoul of those rules and result in the conflation of the records in each action. The integrity of the proceedings in Court No. 21-00237 would be undermined if information outside of the administrative record were presented to and considered by the Court, *e.g.*, in the context of

---

action. The reviewing court shall--

(1) compel agency action unlawfully withheld or unreasonably delayed; and
(2) hold unlawful and set aside agency action, findings, and conclusions found to be--
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(B) contrary to constitutional right, power, privilege, or immunity;
(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
(D) without observance of procedure required by law;
(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

4

briefing.  Because the standards and scope of review in Court Nos. 21-00062 and 21-00327 are incompatible, consolidation of the two actions is not appropriate.

Second, the two actions involve different operative facts and legal issues.  While Court Nos. 21-00062 and 21-00327 both involve the application of antidumping duties to the entries at issue, each case presents a separate legal question involving the actions of different agencies.  In Court No. 21-00062, the question before the Court is whether CBP, in its ministerial role, properly assessed antidumping duties to the entries at issue pursuant to Commerce's liquidation instructions.  *See* Amended Complaint, Dkt. No. 20.  Court No. 21-00327, however, involves the question of whether Commerce's liquidation instructions were proper based upon the record before Commerce.  *See* Complaint, Dkt. No. 2.  Thus, the distinct operative facts and legal issues in the two actions weigh against consolidation.

Finally, plaintiffs seek to consolidate cases involving different parties, one of whom does not have standing to participate in both actions.  Although Optima Steel International, Inc. is a plaintiff in both cases, Tokyo Steel Manufacturing Co., Ltd. (Tokyo Steel) is a plaintiff in Court No. 21-00327 only.  In fact, Tokyo Steel would not have standing to participate as a plaintiff in Court No. 21-00062 because it is not a party that could have protested CBP's decision, and did not do so here.  *See* 19 U.S.C. § 1514(c)(2) and 19 C.F.R § 174.12(a) (enumerating specific parties that may file a protest with CBP); *see also* 28 U.S.C. § 2631(a).

## CONCLUSION

For the reasons provided herein, we respectfully request that the Court deny the request for consolidation of Court Nos. 21-00062 and 21-00327.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

By:    <u>/s/ Justin R. Miller</u>
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

<u>/s/ Hardeep K. Josan</u>
HARDEEP K. JOSAN
Trial Attorney
International Trade Field Office
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9245 or 9230

August 5, 2021                Attorneys for Defendant