UNITED STATES COURT OF INTERNATIONAL TRADE

*Before:* The Honorable Chief Judge Mark A. Barnett

| | |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC and TOKYO STEEL MANUFACTURING CO., LTD.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES<br><br>Defendant. | Court No. 21-00327 |

### PLAINTIFF'S OPPOSITION RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT AND FILE THE ADMINISTRATIVE RECORD

Plaintiffs hereby provide their opposition response to Defendant's Motion to Extend the Time Within Which to Respond to Plaintiffs' Complaint and to File the Administrative Record. Plaintiffs very much appreciate this Court's consideration of their response prior to the scheduled conference in court no 21-00062.

Plaintiffs oppose Defendant's motion for extension of time because Defendant requests far too much time to accomplish the tasks identified, and cites to no good cause other than an a claim of internal deliberations that might yield a resolution. However, fundamentally there is no reason why Defendant's answer and the administrative record cannot be filed *while* the Government discusses, internally or with Plaintiffs, how to resolve the issues presented in this litigation. The two are not mutually exclusive. There is no reason why internal deliberations cannot occur at the same time Defendant undertakes the basic procedural steps of assembling the administrative record and preparing its Answer.

This is particularly true given (a) preparation of the administrative record is simply a download of documents assembled on ACCESS, (b) the Complaint in this action is virtually identical to the Complaint filed in court no 21-00062 that was filed back in early March and (c) Defendant already has had 60 days to accomplish these basic procedural steps.

Moreover, Plaintiffs have genuine concern that Defendant's deliberations will not yield a resolution favorable to Plaintiffs and therefore actual substantive resolution of Plaintiffs' court appeal of the AD liquidation will not start for yet another 60 days (until early November 2021); a time period that would be 7 months since Plaintiffs filed their court appeal and 21 months since Plaintiffs filed its protest with CBP.

We respectfully submit that Plaintiffs concern about further delay is understandable when the history of this dispute is viewed from Plaintiff' perspective.

> In February 2020 Plaintiffs filed its protest with CBP in which Plaintiffs provided explicit documentation that the company appearing as the exporter on Plaintiff's import entry documentation was the exact same company as the company appearing on Commerce's liquidation instructions. Notwithstanding this, the protest was denied in October 2020.
>
> In March 2021 Plaintiffs filed its Complaint challenging CPB's denial the protest denial. In preparing its complaint, Plaintiff extensive extra efforts in order to demonstrate – <u>with explicit documentation</u> – the following key facts:
>
> - During the relevant time period, Tokyo Steel (the Japanese producer) only had one customer for its U.S. sales, the exporter appearing in the entry documentation and Commerce's liquidation instructions.
>
> - Plaintiff Optima only purchased Japanese hot-rolled steel from a single supplier, the exporter appearing in the entry documentation and Commerce's liquidation instructions.
>
> - All of Plaintiff's import entries identified Tokyo Steel as the Japanese producer.
>
> - The company appearing as the exporter on Plaintiff's import entry documentation was the exact same company as the company appearing on Commerce's liquidation instructions.
>
> - For the AD review at issue, Commerce calculated a single customer-specific AD assessment rate.

- The very same hot-rolled steel that was part of the import entries at issue were included in the Tokyo Steel sales database from which Commerce calculated its single AD assessment rate.

Again, all of the above facts were included in Plaintiffs' Complaint and each one was supported by undisputed documentation.  Plaintiffs undertook the painstaking efforts to prepare such detailed Complaint with the hope that Defendant would quickly understand that, as a matter of AD law, CBP had applied the wrong AD assessment rate.

However, Plaintiffs' hopes were dashed when Defendant's Answer made clear that Defendant intended to maintain that, given Commerce's AD liquidation instructions, CBP's AD liquidations of Plaintiffs' import entries were valid.  Such posture forced Plaintiffs to file a second case challenging Commerce's liquidation instructions.

And so, given this history, it is our view that Plaintiffs can be forgiven for being extremely frustrated with Defendant's request for yet another substantial delay to consider issues that have been clear for many months.  The feeling of frustration was exacerbated by Counsel for Defendant's refusal to arrange a meeting (or conference call) among Plaintiffs' counsel CBP and Commerce to discuss possible resolution, notwithstanding what Plaintiff's counsel believed was an explicit expectation from this Court to have such a meeting.  Counsel for Defendant has represented to Plaintiffs that the relevant parties do not require additional explanation to understand Plaintiffs claims, and therefore no meeting was necessary.  However, if this is true, why does Defendant require so much additional time.

41231952v4

- 4 -

From Plaintiffs' standpoint it is time for this case to be resolved.  Plaintiffs are fully ready to proceed to do so.  The facts are known and it is time for Defendant to offer a resolution or proceed to briefing.

.

                                Respectfully submitted,

                                /s/ Daniel L. Porter

                                Daniel L. Porter
                                James C. Beaty

                                **Curtis Mallet-Prevost, Colt & Mosle LLP**
                                1717 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20006
                                202-452-7373

                                *Counsel for Optima Steel International LLC and Tokyo Steel Manufacturing Co., Ltd.*

September 7, 2021