UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

| | | |
|---|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC, and TOYKO STEEL MANUFACTURING CO., LTD., : : : | | |
| Plaintiffs, : | Court No. 21-00327 | |
| v. : : | | |
| UNITED STATES, : : | | |
| Defendant. : | | |

## ORDER

Upon consideration of the defendant's motion for voluntary remand, and any response thereto, it is hereby ORDERED that the motion is granted; and it is further

ORDERED that the case is remanded to the U.S. Department of Commerce (Commerce); and it is further

ORDERED that Commerce shall file its remand redetermination with the Court no later than 14 days after the date of this order; and it is further

ORDERED that all other deadlines in this case are stayed until further notice.

_____
CHIEF JUDGE

Dated: New York, NY
      This _____ day of October, 2021

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____
OPTIMA STEEL INTERNATIONAL, LLC, and  :
TOYKO STEEL MANUFACTURING CO., LTD., :
                                                                          :
                       Plaintiffs,            :    Court No. 21-00327
                                                                          :
                      v.                          :
                                                                          :
UNITED STATES,                                     :
                                                                          :
                       Defendant.            :
_____:

## DEFENDANT'S MOTION FOR VOLUNTARY REMAND

The defendant, the United States, respectfully moves for a voluntary remand of this matter pursuant to Rule 7(b) of the Rules of the Court. Plaintiffs, Optima Steel International, LLC (Optima) and Tokyo Steel Manufacturing Co., Ltd. (Tokyo Steel), challenge, pursuant to 28 U.S.C. § 1581(i), Commerce's liquidation instructions issued following an administrative review of the antidumping duty order covering hot-rolled steel from Japan. *See Certain Hot-Rolled Steel Flat Products from Japan: Final Results of Antidumping Duty Administrative Review*, 84 Fed. Reg. 31,025 (June 28, 2019). As discussed below, we respectfully request that the Court remand this matter in its entirety to enable Commerce to correct an error in the liquidation instructions.

On September 30, 2021, Mr. Daniel L. Porter of Curtis-Mallet-Prevost, Colt & Mosle LLP, counsel for plaintiffs, advised that plaintiffs consent to our request for a voluntary remand.

## FACTUAL BACKGROUND

As a mandatory respondent, Tokyo Steel received its own calculated rate during the administrative review. Pursuant to the review, Commerce issued entity-specific liquidation instructions providing that merchandise produced by Tokyo Steel and sold to its customer should

be liquidated at the rate calculated for Tokyo Steel. Optima, the importer, and Tokyo Steel filed the summons and complaint in this matter on July 9, 2021 challenging the liquidation instructions.[1]  *See* Dkt. Nos. 1, 2.

## ARGUMENT

### I.  Standard Of Review

The Government may ask the Court to remand a matter, without confessing error, so that Commerce may reconsider its prior position.  *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  In *SKF USA*, the United States Court of Appeals for the Federal Circuit outlined three separate scenarios in which an agency may seek a remand:  (1) to reconsider its decision because of intervening events outside of the agency's control; (2) to reconsider its previous position (absent any intervening events) without confessing error; and (3) to change the result because the agency believes the original decision was incorrect on the merits.  *Id.* at 1028. Moreover, remand to an agency is "appropriate to correct simple errors, such as clerical errors, transcription errors, or erroneous calculations."  *Id.* at 1029.

A voluntary remand is "generally appropriate 'if the agency's concern is substantial and legitimate.'"  *SeAH Steel Corp. v. United States*, 704 F. Supp. 2d 1353, 1378 (Ct. Int'l Trade 2010) (quoting *SKF USA*, 254 F.3d at 1029); *see also Ad Hoc Shrimp Trade Action Committee v. United States*, 882 F. Supp. 2d 1377, 1381 (Ct. Int'l Trade 2013); *Shakeproof Assembly Components Div. of Illinois Tool Works, Inc. v. United States,* 412 F. Supp. 2d 1330, 1338-39

---

[1] U.S. Customs and Border Protection (CBP) liquidated the entries at issue in this case pursuant to these instructions.  Optima filed a protest challenging the liquidations, which CBP denied.  On March 3, 2021, Optima filed an action challenging CBP's protest denial.  *Optima Steel International, LLC v. United States*, Ct. No. 21-00062.  We note that a correction of the liquidation instructions will not resolve all of the issues in the protest case and, thus, may not result in any relief to the plaintiffs.

(Ct. Int'l Trade 2005) (granting motion for voluntary remand, recognizing that the Government is presumed to act in good faith, and that this presumption may only be overcome by "well-nigh irrefragable proof"). "A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh that justification, and (3) the scope of the request is appropriate." *Changzhou Hawd Flooring Co., Ltd. v. United States,* 6 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2014) (citing *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States,* 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013)). Furthermore, as this Court has explained, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, Slip Op. 07-40, 31 C.I.T. 393, 396 (Ct. Int'l Trade Mar. 16, 2007).

## II.  The Court Should Grant The Government's Request For A Voluntary Remand

Plaintiffs allege that Commerce erred in using the nickname of the unaffiliated Japanese trading company in its liquidation instructions. Compl. at § 49. We acknowledge that Commerce erred in using the nickname of the entity identified in the liquidation instructions for Tokyo Steel. Thus, we respectfully request that the Court remand the case to the agency to allow Commerce to correct that error in the liquidation instructions. If our request is granted, Commerce expects that it would be able to complete and file with the Court its remand determination within 14 days of the remand order.

Because a voluntary remand may obviate the need for further proceedings in this case, we respectfully request that the Court stay any future deadlines pending its resolution of the remand redetermination. Should the Court grant Commerce's request, we respectfully propose that the Court provide 14 days for Commerce to submit its remand results to the Court.

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to Commerce.

                                    Respectfully submitted,

                                    BRIAN M. BOYNTON
                                  Acting Assistant Attorney General

                                  JEANNE E. DAVIDSON
                                  Director

By:    /s/ Justin R. Miller
           JUSTIN R. MILLER
           Attorney-In-Charge
           International Trade Field Office

           /s/ Hardeep K. Josan
           HARDEEP K. JOSAN
           Trial Attorney
           International Trade Field Office
           Department of Justice, Civil Division
           Commercial Litigation Branch
           26 Federal Plaza, Room 346
           New York, New York 10278
           (212) 264-9245 or 9230

October 1, 2021                Attorneys for Defendant