A-588-874<br>
Remand – Court No. 21-00327<br>
Public Version <s>Business Proprietary Document</s><br>
E&C/O VII:  ML

*Optima Steel International, LLC, and Tokyo Steel Manufacturing Co., Ltd. v. United States*
**Court No. 21-00327 (CIT October 1, 2021)**

### FINAL RESULTS OF REDETERMINATION
### PURSUANT TO COURT REMAND

The Department of Commerce (Commerce) has prepared these final results of redetermination pursuant to the remand order of the U.S. Court of International Trade (the Court) in *Optima Steel International, LLC, and Tokyo Steel Manufacturing Co., Ltd. v. United States*, Court No. 21-000327, CM/ECF Docket No. 22 (October 1, 2021) (Remand Order).  This remand concerns the final results of the first administrative review of the antidumping duty order on certain hot-rolled steel flat products from Japan,[1] issued pursuant to the Court's order granting the United States' request for a voluntary remand.  The United States requested the voluntary remand to correct a name in the liquidation instructions that were issued to U.S. Customs and Border Protection (CBP) for Tokyo Steel Manufacturing Co., Ltd., and to stay any future deadlines pending resolution of the remand redetermination.[2]  In its Remand Order, the Court directed Commerce to file its remand redetermination with the Court by October 15, 2021.

In accordance with the United States' motion for voluntary remand and the Court's remand order, we have corrected the error in the liquidation instructions to now reflect the full name of the customer as indicated on Commerce's case record in this proceeding.  The attachment contains the corrected instructions which we intend to issue to CBP.

---

[1] *See Certain Hot-Rolled Steel Flat Products from Japan:  Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2016-2017*, 84 FR 31025 (June 28, 2019), and accompanying Issues and Decision Memorandum (IDM).
[2] *See Optima Steel International LLC v United States*, Court No. 21-327, CM/ECF Docket No. 21 (October 1, 2021).

On October 6, 2021, Commerce released a draft version of this remand to interested parties and gave them an opportunity to comment.³  On October 8, 2021, Optima Steel International, LLC, (Optima) and Tokyo Steel Manufacturing Co., Ltd., (Tokyo Steel) submitted comments on the Draft Remand Results.⁴  A response to their comments is provided below.

*Optima and Tokyo Steel Draft Comments:*

- Optima and Tokyo Steel agree that the liquidation instructions appended to the Draft Remand Results accurately reflect the full name of Tokyo Steel's customer, *i.e.*, [        ], for all of Tokyo Steel's U.S. sales of the merchandise subject to the first administrative antidumping review and, are consistent with the record of the review.

- Optima and Tokyo Steel note that the administrative record and the court record make clear that Optima was the actual importer of record for all of Tokyo Steel's U.S. sales of merchandise made to [        ] during the period of review, as shown on page 1 of the U.S. sales trace, Exhibit A-9 of Tokyo Steel's Section A Questionnaire response on the administrative review record.  The sales trace documentation confirms that [        ] sells merchandise purchased from Tokyo Steel to Optima which acts as the importer of record for that merchandise.

- The fact that Optima was the importer of record is also established by papers submitted in the appeal that gives rise to this remand, and no party has disputed any of the facts alleged in the complaint in this matter.  Additionally, appended to the complaint was Optima's complaint in the parallel challenge to CBP's wrongful liquidation which stated

---

³ *See* Memorandum, "Draft Results of Redetermination Pursuant to Court Remand, Optima Steel International, LLC, and Tokyo Steel Manufacturing Co., Ltd. v. United States Court No. 21-000327 (CIT October 1, 2021) dated October 6, 2021 (Draft Remand Results).
⁴ *See* Optima and Tokyo Steel's Letter, "Comments on Draft Results of Redetermination Pursuant to Court Remand," dated October 8, 2021.

"{f}or all affected import transactions, Optima was the importer of record." Importantly, Attachment 2 to the complaint includes CBP's answer to this complaint in which it explicitly admits that Optima was the importer of record for the merchandise produced by Tokyo Steel. These documents are properly before the Commerce at this juncture and should be taken into account.

- Therefore, it is appropriate for Commerce to change the liquidation instructions in order to identify Optima as the importer. Undertaking this adjustment will clarify any remaining ambiguities in the customs process, as counsel for CBP in the parallel matter challenging the wrongful denial of Optima's protest of the improper liquidation of these entries has indicated that simply changing the liquidation instructions to reflect [        ] may not be enough to satisfy CBP to change the AD assessment rate. In the interest of efficiency and accuracy, we respectfully ask Commerce to render importer-specific liquidation instructions, rather than customer-specific liquidation instructions.

**Commerce's Position:**

We have corrected the liquidation instructions to state the full name of the customer [ ] as indicated on the record of the first administrative review.

However, we disagree with Optima and Tokyo Steel on their other comments. The assessment rates calculated for Tokyo Steel, the respondent in the administrative review, were based on data provided by Tokyo Steel on all of its sales to the U.S. during that period of review.[5] As the administrative review record indicates for [            ] Tokyo Steel provided, it indicated that [         ] was the customer. Further, Tokyo Steel did not provide the importer name for any of these sales.[6] We cannot conclude from the sales trace at

---

[5] *See* Tokyo Steel's U.S. sales database submitted on August 1, 2018.
[6] *Id.*

3

Exhibit A-9 that the importer is the same for all of Tokyo Steel's sales reported in the database. Thus, the assessment rates and liquidation instructions are specific to the individual sales provided by Tokyo Steel and limited by the information on the review record. For the same reason, information provided to CBP and information from a parallel complaint, cannot be considered for the liquidation instructions pertaining to this review.

10/15/2021

X _____

Signed by: RYAN MAJERUS

_____

Ryan Majerus
Deputy Assistant Secretary
 for Policy and Negotiations,
 performing the non-exclusive functions and duties of the
 Assistant Secretary for Enforcement and Compliance

**Attachment**

**Business Proprietary Document Not Subject to Public Summarization**

[

]