Slip Op. 21-168

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| OPTIMA STEEL INTERNATIONAL, LLC AND TOKYO STEEL MANUFACTURING CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Mark A. Barnett, Chief Judge <br> Court No. 21-00327 |

## OPINION

[Sustaining Commerce's remand redetermination.]

Dated: December 17, 2021

Daniel L. Porter, Ana Maria Amador-Gil, and James C. Beaty, Curtis Mallet-Prevost, Colt & Mosle LLP, of Washington, DC, for Plaintiffs.

Hardeep K. Josan, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant. Of counsel was David W. Richardson, Senior Counsel, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

 Barnett, Chief Judge: Before the court is a consent motion to sustain the U.S. Department of Commerce's ("Commerce" or "the agency") remand results and enter judgment. Consent Mot. to Sustain the Remand Results and Enter J. ("Consent Mot."), ECF No. 31. Commerce issued its remand results on October 15, 2021. Confidential Final Results of Redetermination Pursuant to Court Remand ("Remand Results"), ECF No. 26-1. The court hereby sustains Commerce's Remand Results.

Court No. 21-00327　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

  Plaintiffs Optima Steel International, LLC ("Optima") and Tokyo Steel Manufacturing Co., Ltd. ("Tokyo Steel") commenced this case challenging Commerce's liquidation instructions issued pursuant to an administrative review of the antidumping duty order covering hot-rolled steel from Japan.  *See Certain Hot-Rolled Steel Flat Products From Japan*, 84 Fed. Reg. 31,025 (Dep't Commerce June 28, 2019) (final results of antidumping duty admin. review) ("*Final Results*").  Tokyo Steel, a mandatory respondent in the administrative review, received a calculated rate in the *Final Results*.  *See* Compl. ¶¶ 22, 25, ECF No. 2; *Final Results*, 84 Fed. Reg. at 31,027.  Following the review, Commerce issued liquidation instructions providing that merchandise produced by Tokyo Steel during the relevant period should be liquidated at the rate calculated for Tokyo Steel.  *See* Compl. ¶¶ 26–28.  In December 2019, however, U.S. Customs and Border Protection ("CBP") liquidated several entries of subject merchandise imported by Optima and produced by Tokyo Steel, but exported by an unaffiliated Japanese trading company, at a higher rate, allegedly because of an error in Commerce's liquidation instructions concerning the trading company's name.  *Id.* ¶¶ 29, 46, 49–50.

  On October 1, 2021, Defendant United States ("the Government"), filed a consent motion for a voluntary remand to reconsider the liquidation instructions.  Def.'s Mot. for Voluntary Remand, ECF No. 21.  The court granted this motion, Order (Oct. 1, 2021), ECF No. 22, and Commerce's Remand Results followed.

**JURISDICTION AND STANDARD OF REVIEW**

  The court exercises jurisdiction pursuant to 28 U.S.C. § 1581(i)(1)(B), (D).  The court reviews an action commenced pursuant to 28 U.S.C. § 1581(i) in accordance with

Court No. 21-00327     Page 3

the standard of review set forth in the Administrative Procedure Act, 5 U.S.C. § 706, as amended.  *See* 28 U.S.C. § 2640(e).

## DISCUSSION

In the Remand Results, Commerce revised the liquidation instructions to reflect the full name of the trading company consistent with the record developed during the administrative review and indicated that it intends to issue the revised instructions to CBP.  Remand Results at 1, 3.  Plaintiffs assert that judgment is merited because "the Remand Results accurately reflect the record before the [agency] in the underlying administrative proceeding and provide for accurate liquidation of the entries identified in this appeal."  Consent Mot. at 1.  Both parties request that the court sustain the Remand Results.  *Id*. at 1–2.

## CONCLUSION

There being no challenges to the Remand Results, which are otherwise in accordance with the law, the court will sustain Commerce's Remand Results.  Judgment will enter accordingly.

/s/    Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: December 17, 2021
      New York, New York